**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BUDGET MAINTENANCE CONCRETE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORONZO L. MINERVINI, et al.,<br><br>Defendants. | Civil Action No. 24-07990 (SDW) (JRA)<br><br>**WHEREAS OPINION & ORDER**<br><br>July 28, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Budget Maintenance Concrete Services, Inc.'s ("Plaintiff") Motion to Enforce Consent Judgment and to Enter Judgment Against Defendants Versare Construction Corp. ("Versare"), Industrial Urban Corp. ("IUC"), and Industrial Construction of New Jersey, Inc. ("ICNONJ") (collectively, "Defendants") (D.E. 47), and this Court having reviewed Plaintiff's submissions, noting that it is unopposed; and

**WHEREAS** on April 27, 2026, this Court approved and entered a consent judgment (the "Agreement") in favor of Plaintiff in the amount of $198,000.00 against Defendants. (D.E. 46.) This Court retained jurisdiction over this matter for a period of ninety days. *Id.* Pursuant to the Agreement, Defendants agreed to pay Plaintiff $198,000.00, beginning with an initial payment of $10,000.00 due within three business days of this Court's Order and followed by monthly installment payments of $10,000.00 beginning May 15, 2026. *Id.* In addition to the amount and manner of payment, the Agreement also defines what constitutes default and the consequences of default. *Id.*; and

**WHEREAS** on May 21, 2026, within the ninety-day period, Plaintiff notified this Court that Defendants have defaulted under the Agreement and have failed to make any payments. (D.E. 47-4.) Pursuant to the Agreement, this Court, upon Plaintiff's motion, may enter judgment against Defendants, jointly and severally, in the amount of $198,000.00, less any payments made by Defendants, plus attorneys' fees equal to 15% of the unpaid balance. Thus, Plaintiff now moves to enforce the Agreement and enter judgment in its favor for $227,700.00; and

**WHEREAS** "a district court will have ancillary jurisdiction over a settlement agreement, permitting the court to enforce the agreement, when 'the terms of the settlement agreement had been made part of the order of dismissal−either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.' " *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 294 (3d Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994)). Therefore, this Court has jurisdiction to enforce the Agreement as the Agreement and this Court's Order explicitly states that this Court shall retain jurisdiction for a period of ninety days; and

**WHEREAS** once jurisdiction has been established, courts in the Third Circuit "treat a motion to enforce settlement under the same standard of review as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." *Laverick v. Addiego*, No. 14-3443, 2020 WL 3546807, at *2 (D.N.J. June 30, 2020) (citations omitted). Courts grant motions to enforce settlement "when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law." *McKeon v. City of Asbury Park,* No. 19-8536, 2020 WL 5747886, at *4 (D.N.J. Sept. 25, 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); and

**WHEREAS** a settlement agreement between parties in a lawsuit is a contract and is therefore governed by state contract law. *See Jacob's Limousine Transp., Inc. v. City of Newark*, 688 F. App'x 150, 151 (3d Cir. 2017). "New Jersey law provides that 'where the terms of a contract are clear or unambiguous... courts must enforce those terms as written.' " *Agnes ex rel. Agnes v. E.I. Du Pont Nemours & Co.*, No. 98-1405, 2011 WL 1322043, at *5 (D.N.J. Mar. 31, 2011) (quoting *Impink ex rel. Baldi v. Reynes*, 935 A.2d 808, 812 (N.J. Super. Ct. App. Div. 2007)). Additionally, in New Jersey, there is a strong public policy in favor of settlements. *See Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990); and

**WHEREAS** here, Defendants, having declined to oppose Plaintiff's motion, have not submitted any evidence to raise a genuine issue of material fact as to the Agreement's validity nor as to their alleged default. Moreover, there is no doubt that these parties entered into an agreement, as it was reduced to writing, approved by this Court, and entered on the docket. (D.E. 46.) Furthermore, the terms of the Agreement, including the provisions governing default, are "clear" and "unambiguous," and this Court will therefore enforce them as written. Additionally, there are no indications of fraud or other compelling evidence that would prevent enforcement of the Agreement. Accordingly, because there is no genuine issue of material fact as to the validity of the Agreement, and in light of the strong public policy favoring enforcement of settlement agreements, Plaintiff's Motion is granted; therefore

**IT IS**, on this 28th day of July 2026,

**ORDERED** that Plaintiff's Motion to Enforce Consent Judgment and to Enter Judgment Against Defendants Versare Construction Corp., Industrial Urban Corp., and Industrial Construction of New Jersey, Inc. is **GRANTED**; and it is further

**ORDERED** that Plaintiff is entitled to $227,700.00 under the Agreement, which reflects $198,000.00, less any payments made by Defendants, plus attorneys' fees equal to 15% of the unpaid balance under the Agreement; and that Plaintiff is also entitled to court costs.

**SO ORDERED.**

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
José R. Almonte, U.S.M.J.